JACKIE RAY SPARKS, SR. AND LOLA SPARKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sparks v. Commissioner
Docket No. 7057-86.
United States Tax Court
T.C. Memo 1987-244; 1987 Tax Ct. Memo LEXIS 246; 53 T.C.M. (CCH) 818; T.C.M. (RIA) 87244; May 11, 1987. *246 Petitioner was employed on offshore oil rigs located in foreign waters. As a result of his employment on the rigs, petitioner spent a total of 157 days outside the United States during 1983. Held, petitioner was not physically present in a foreign country for 330 full days during a period of 12 consecutive months and is therefore ineligible for the foreign earned income exclusion pursuant to sec. 911(a)(1). Jackie Ray Sparks, pro se. Timothy Burgmeier, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent determined a deficiency of $10,637.08 in petitioners' Federal income tax for the taxable year ended December 31, 1983. The issue for decision is whether petitioner Jackie Ray Sparks, Sr. (hereinafter referred to as petitioner or Sparks) was physically present in a foreign country or countries for 330 full days during a period of 12 consecutive months for purposes of the foreign earned income exclusion. [1]
The case was submitted fully stipulated pursuant to Rule 122. [2] The stipulation *247 of facts and attached exhibits are incorporated herein by this reference. Petitioners Sparks and Lola Sparks, husband and wife, resided in Amite, Louisiana, at the time they filed their petition. For the year in issue, petitioners timely filed a joint individual income tax return. Throughout 1983, petitioner was employed as an oil rig superintendent by the Diamond M. Hunter Company. During this period, petitioner worked on rigs located off the coast of Sicily, Tunisia, and Ireland. Petitioner's work schedule generally consisted of alternating 28-day periods on and off duty. Petitioner would fly from his residence in Louisiana to the vicinity of his assigned rig for a continuous work period of approximately 28 days. Upon completion of his work period, petitioner would return to Louisiana for a continuous rest period of approximately 28 days. Petitioner spent his entire work period aboard the rig. During 1983, petitioner spent the following periods outside of the United States for purposes *248 of employment. Number of Days, Inclusive of
Location
Dates Outside U.S.
Exit Date and Re-entry Date
Sicily
1/5/83 - 2/2/83
29
Tunisia
3/4/83 - 4/2/83
30
Ireland
5/2/83 - 5/26/83
25
Ireland
6/26/83 - 7/21/83
26
Ireland
8/18/83 - 9/15/83
29
Ireland
10/13/83 - 10/30/83
18
Total
157 For purposes of section 911(a)(1), a "qualified individual" is defined in section 911(d)(1) as one who has a "tax home" in a foreign country and who (1) is a citizen of the United States who establishes that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year or (2) a citizen or resident of the United States who has been present in a foreign country or countries for at least 330 full days during a period of 12 consecutive months. Petitioners contend that Sparks satisfied the physical presence test of section 911(d)(1)(B). [3] *249 Respondent maintains that petitioner failed to meet the physical presence requirements and thus does not qualify for the foreign earned income exclusion. For the calendar year ended December 31, 1983, Sparks spent 157 days outside of the United States for purposes of employment. The record does not indicate that Sparks spent any additional time outside of the country for purposes other than employment. [4] Section 911(d)(1)(B) requires a taxpayer to be physically present in a foreign country for 330 full days during a period of 12 consecutive months. [5] *250 On the facts before us, it is apparent that Sparks does not meet the physical presence requirements for any portion of his taxable year ended December 31, 1983. [6] Consequently, we decide this issue for respondent. Decision will be entered for the respondent.
Footnotes
1. The adjustment to petitioners' sales tax deduction is based upon an adjustment to petitioners' adjusted gross income. Thus, the sales tax deduction is not itself at issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. Sparks claims to have satisfied the physical presence test based upon a 30-month qualifying period from May 1981 through October 1983. Petitioners allocated a pro rata amount of the $80,000 maximum annual exclusion to the 154 qualifying days attributable to their 1983 taxable year. Petitioners do not argue that Sparks qualified as a bona fide resident for purpose of sec. 911(d)(1)(A).
4. A taxpayer's physical presence in a foreign country need not necessarily be for employment purposes. Some of the qualifying foreign presence may consist of vacation time. Rev. Rul. 57-590, 1957-2 C.B. 458↩. 5. Pursuant to sec. 1.911-2(d), Income Tax Regs., a period of 12 consecutive months may begin with any day but must end on the day before the corresponding day in the 12th succeeding month. 6. No evidence was submitted concerning Sparks' presence in a foreign country during either 1982 or 1984.↩